# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUIRINO VAZQUEZ VARGAS,**
        Petitioner,

v.                               Case Nos. 15-C-0455
                                       15-C-0494

**CHIEF EXECUTIVE OF KENOSHA**
**COUNTY DETENTION CENTER,**
        Respondent.

## ORDER

On April 16, 2015, this court received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Quirino Vazquez Vargas.[1] The petition indicates that Vazquez Vargas has been ordered removed from the United States and is being detained at the Kenosha County Detention Center. He alleges that there is no significant likelihood of his being removed in the reasonably foreseeable future and that he must be released in accordance with the Supreme Court's decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

The authority to detain aliens after the issuance of a final removal order is in 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following an entry of a final order of deportation or removal. 8 U.S.C. § 1231(a)(1)(A)-(B). During this period, Congress has mandated the detention of the alien ordered removed. 8 U.S.C. § 1231(a). Upon the conclusion of the removal period, the statute allows for either continued detention

---

[1] On April 27, 2015, Vazquez Vargas filed a substantially similar habeas petition, which has been docketed as Case No. 15-C-494. It is not clear why he filed this second petition, but it will be dismissed as unnecessary.

or release under supervision. 8 U.S.C. § 1231(a)(3). Although the statute gives Immigration and Customs Enforcement the discretion to continue detaining an alien in this situation, this detention is subject to the limits of the Fifth Amendment's Due Process Clause. See Zadvydas v. Davis, 533 U.S. 678, 690-92 (2001).

In Zadvydas, the Supreme Court interpreted Section 1231(a)(6), the provision that allows for detention beyond the removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." Id. at 698. The Court held that post-removal-order detention for six months is "presumptively reasonable." Id. at 701. Beyond six months, if removal is no longer reasonably foreseeable, continued detention is not authorized by statute. Id. at 699.

In the present case, the petitioner's order of removal was issued on April 9, 2015. See Ex. A to Resp. to Pet; ECF No. 14-1. The order could not have become final before that date, and thus the six-month presumptively reasonable period of detention has not yet expired. The petition is premature and will be dismissed for that reason.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that the separate petition filed in Case No. 15-C-0494 is **DISMISSED** as unnecessary.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge